John P. Margiotta
Parker C. Eudy
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
151 West 42nd, 17th Floor
New York, New York 10036
Telephone: (212) 813-5900

*Attorneys for Plaintiff Gucci America, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| GUCCI AMERICA, INC., | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| | **DEMAND FOR JURY TRIAL** |
| IV MEDIA, LLC; FAMJAMS TRADING LLC; and DOES 1-10, | |
| Defendants. | |

Plaintiff Gucci America, Inc. ("Plaintiff" or "Gucci"), by its undersigned counsel, for its

Complaint against Defendants IV Media, LLC ("IV Media"), Famjams Trading LLC

("Famjams"), and Does 1-10 (collectively, with IV Media and Famjams, "Defendants"), alleges

as follows:

## SUBSTANCE OF THE ACTION

1.      Gucci is one of the world's most renowned and influential fashion and luxury

brands. For years, Gucci's fashion products and accessories have been highly regarded

throughout the world as finely crafted works of art.

2.       All of the claims asserted herein arise out of and are based on Defendants'

unlawful promotion, distribution, and sale of imitation bags bearing the famous GUCCI marks,

which are protected under the federal and New York trademark laws. The bags that Defendants

sold bearing the famous GUCCI marks are not authentic GUCCI brand bags, making such products counterfeits.

3.    Gucci brings claims for counterfeiting and trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and also brings related claims of trademark infringement and unfair competition under New York common law and of trademark dilution under N.Y. Gen. Bus. Law § 360-L. Gucci seeks injunctive and monetary relief.

## THE PARTIES

4.    Plaintiff Gucci America, Inc. is a New York corporation with its principal place of business at 195 Broadway, New York, New York 10007.

5.    Upon information and belief, Defendant IV Media, LLC is a Michigan limited liability company with a principal place of business at 38955 Hills Tech Drive, Farmington Hills, Michigan 48331.

6.    Upon information and belief, Defendant Famjams Trading LLC is a New York limited liability company with a principal place of business at 2361 Nostrand Avenue, Suite 803, Brooklyn, New York 11210.

7.    Gucci is informed and believes and based thereon alleges that the fictitiously named defendants sued herein as Does 1 through 10, inclusive, and each of them, are in some manner responsible or legally liable for the actions, events, transactions, and circumstances alleged herein. Gucci is informed and believes and based thereon alleges that one or more of the Doe defendants conspired with and/or aided and/or abetted one or more of the named defendants

in their wrongful conduct as alleged herein. The true names and capacities of such fictitiously named defendants, whether individual, corporate, associate, or otherwise, are presently unknown to Gucci, and Gucci will seek leave of court to amend this Complaint to assert the true names and capacities of such fictitiously named defendants when the same have been ascertained. All defendants, including IV Media, Famjams, and the Doe defendants, are collectively referred to herein as "Defendants."

## JURISDICTION AND VENUE

8.    This Court has jurisdiction over the subject matter of this action pursuant to the Lanham Act, 15 U.S.C. §§ 1051, et seq. The Court also has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the federal Lanham Act.

9.    The Court has supplemental jurisdiction over the state law causes of action alleged in this Complaint pursuant to 28 U.S.C. § 1367 because these claims arise out of the same nucleus of operative fact as the federal claims.

10.    The Court has personal jurisdiction over Defendants under Sections 301 and/or 302 of the New York Civil Practice Laws and Rules because, based upon information and belief, Defendants conduct, transact, and solicit business in this district, including by selling the counterfeit products bearing the GUCCI marks at issue to consumers in this district and shipping such products to this district; because IV Media operates a highly interactive website that offers, upon information and belief, Defendants' counterfeit products bearing the GUCCI marks for sale to consumers in this district; because Famjams has a principal place of business in the state of New York; and because the events giving rise to this Complaint occurred in this state and/or had effects in this state, and Gucci is being harmed in this jurisdiction.

11.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims alleged occurred in this district and because Defendants are subject to the Court's personal jurisdiction.

## FACTS GIVING RISE TO THIS ACTION

### Gucci's Famous Brand

12.    The Gucci brand, originally founded in 1921 in Florence, Italy, is one of the best-known and most valuable global brands.

13.    Having celebrated its 100th anniversary in 2021, the Gucci brand is one of the most renowned and influential fashion and luxury brands in the world, a genuine global reference for fashion and accessories, and a benchmark for a modern, innovative business.

14.    Gucci is renowned for eclectic and contemporary creations that represent the pinnacle of Italian craftsmanship and are unsurpassed in quality, attention to detail, and imaginative design.

15.    Gucci first used the GUCCI name and mark in the United States in 1953, when it introduced Americans to Italian fashions by opening its pioneering New York City flagship store. Today, Gucci distributes fine leather goods, clothing, accessories, eyewear, footwear, home decor, lifestyle products, jewelry, and watches, among many other products, in the United States under the GUCCI mark and related iconic design marks, including Gucci's stylized GUCCI and GG marks, as shown below (collective with the GUCCI word mark, the "GUCCI Marks"):



16.     Today, Gucci owns/operates over 105 GUCCI-branded retail boutiques throughout the United States where it sells its products for adults and children branded with the GUCCI Marks. Gucci also sells its products through its official website, www.gucci.com/us/, and through select high-end department stores.

17.     The products distributed by Gucci under the GUCCI Marks are of the highest quality and are subject to exacting quality control standards. Gucci takes pains to ensure the quality of its products by monitoring their production and distribution. As a result of these efforts, Gucci has developed a reputation for providing the highest-quality products under the GUCCI Marks and consumers have come to expect that products bearing the GUCCI Marks are of the highest quality and workmanship.

18.     Each year, Gucci spends millions of dollars on advertising to promote the goods and services offered under the GUCCI Marks in the United States. As a result of Gucci's efforts and the appeal of the GUCCI brand, Gucci sells high quantities of consumer goods annually in the United States.

19.    By virtue of extensive sales, advertising, and promotion, the GUCCI Marks have become instantly recognizable to the public as exclusively denoting Gucci as the source of products bearing and sold under the GUCCI Marks and signaling the high quality of such products. Having acquired substantial goodwill and strong secondary meaning, the world-famous GUCCI Marks are enormously valuable assets of Gucci.

20.    Along with its robust common law rights in the famous GUCCI Marks, Gucci also owns numerous federal registrations for the GUCCI Marks, including:

| *Mark* | *Reg'n No.* | *Reg'n Date* | *Class and Goods/Services* |
|---|---|---|---|
| GUCCI<br><br>("GUCCI Word Mark") | 4,563,132 | 07/08/2014 | IC 18: Handbags, shoulder bags, clutch bags, tote bags, briefcases, business card cases, credit card cases, backpacks, key cases, passport cases, cosmetic cases sold empty, valises, suitcases, luggage, all the foregoing being made in whole or in part of leather |
| ("Interlocking GG Design Mark") | 5,073,022 | 11/01/2016 | IC 18: Handbags and wallets<br>IC 25: Belts and footwear |
| G U C C I<br>("Stylized GUCCI Word Mark") | 6,073,427 | 06/09/2020 | IC 3: Fragrances, incense, cosmetics, nail polish<br>IC 4: Candles<br>IC 9: Sunglasses, eyeglasses, cases for sunglasses, cases for eyeglasses, mobile phone cases, cases for computers, cases for tablet computers, computer application software for all mobile devices, namely, downloadable software for providing information in the field of fashion, the arts and lifestyle<br>IC 14: Jewelry, watches, key rings, cuff links, tie bars |

| | | | |
|---|---|---|---|
| | | | IC 18: Pocketbooks, handbags, shoulder bags, clutches, wristlet bags, coin purses, wallets, credit card cases, business card cases, tote bags, backpacks, diaper bags, cosmetic bags sold empty, luggage<br>IC 20: Throw pillows, cushions, chairs, armchairs, folding floor screens and tables<br>IC 21: Incense burners, mugs, cups, trays for household purposes, porcelain pots and vases, dishes, sugar bowls, creamer pitchers, chargers being dinnerware, non-electric coffee pots, non-electric tea pots<br>IC 25: Tops as clothing, bottoms as clothing, coats, jackets, suits, dresses, jumpsuits, bathing suits, scarves, ties as clothing, belts, gloves, headwear, footwear, tights, socks, stockings<br>IC 27: Wallpaper<br>IC 35: Retail store services for clothing, footwear, fashion accessories, jewelry, watches, handbags, sunglasses, fragrances, home furnishings and accessories; online retail store services for clothing, footwear, fashion accessories, jewelry, watches, handbags, sunglasses, fragrances, home furnishings and accessories<br>IC 41: Providing entertainment news and information in the fields of fine art, film, music, theater, and dance through an Internet website portal and social media sites entertainment services, namely, organizing sporting and cultural events<br>IC 45: Providing news and information in the fields of fashion and personal lifestyles through an Internet website |
| ("GG Supreme Canvas Design Mark") | 4,229,081 | 10/23/2012 | IC 14: Jewelry<br>IC 18: Wallets, purses, handbags, shoulder bags, clutch bags, tote bags, business card cases, credit card cases partly and wholly of leather, key cases, cosmetic cases sold empty, briefcases, attaché cases, valises, suitcases and duffel bags<br>IC 25: Neckties, scarves, belts, footwear and gloves |

| | 6,521,111 | 10/12/2021 | IC 18: Handbags; shoulder bags; messenger bags; tote bags; backpacks; wallets; cosmetic cases sold empty<br>IC 25: Footwear |
|---|---|---|---|
| ("Horsebit Design Mark") | | | |

21.    Printouts detailing the registration information for the above marks are attached hereto as Exhibit A. The above-referenced registrations are valid, well-known, subsisting and in full force, and serve as *prima facie* evidence of Gucci's exclusive rights in and to the GUCCI Marks. Additionally, several of the registrations referenced have become incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065, and thus constitute conclusive evidence of Gucci's exclusive right to use these marks on the goods specified in the registrations pursuant to Sections 7 and 33 of the Lanham Act, 15 U.S.C. §§ 1057, 1115(b).

22.    Gucci is committed to protecting and safeguarding its intellectual property rights and assets to ensure that Gucci's unique and valuable creativity and heritage are preserved, safeguarded, and enforced. Gucci invests substantial time and resources in intellectual property enforcement programs and strategies that protect consumers and clients from counterfeit and infringing products and services.

23.    To ensure the quality and authenticity of products offered for sale bearing the GUCCI Marks, Gucci sells its products only through its own boutiques and stores and to authorized retailers.

**Defendants' Unlawful Conduct**

24.    Upon information and belief, IV Media is the owner of the ShopHQ television network and interactive ShopHQ shopping platform through which IV Media sells apparel,

shoes, handbags, cosmetics, jewelry, accessories, and home goods through the website *www.shophq.com* (the "ShopHQ Website").

25.     Upon information and belief, Defendants have manufactured, advertised, offered for sale, sold, distributed, imported, and/or exported handbags bearing marks that are identical to or highly similar to the GUCCI Marks. These bags were not manufactured, authorized, or approved by Gucci, and Defendants are not authorized manufacturers, distributors, or retailers of Gucci's products.

26.     Gucci's agents purchased several handbags from the ShopHQ Website bearing the GUCCI Marks: one white handbag, which was referred to as the "Gucci 1955 Horsebit Detailed Small Shoulder Bag" and had a listed price of $1,800 on the ShopHQ Website (the "White Horsebit Bag"); one tan GG pattern handbag, which was referred to as the "Gucci Horsebit 1955 Small Shoulder Bag" and had a listed price of $1,690 on the ShopHQ Website (the "Tan GG Supreme Horsebit Bag"); one black GG handbag, which was referred to as the "Gucci GG Marmont Mini Matelasse Shoulder Bag" and had a listed price of $2,350 on the ShopHQ Website (the "Black GG Marmont Matelassé Bag"); and one black GG handbag, which was referred to as the "Gucci GG Marmont Zip Top Small Shoulder Bag" and had a listed price of $1,790 on the ShopHQ Website (the "Black GG Marmont Bag" and, collectively with the White Horsebit Bag, the Tan GG Supreme Horsebit Bag, and the Black GG Marmont Matelassé Bag, the "Counterfeit Products").

27.     Photographs of the Counterfeit Products as they appeared on the ShopHQ Website are shown below, along with the now-inactive website URLs where each product listing was posted:



White Horsebit Bag,
https://www.shophq.com/Product/gucci-1955-horsebit-detailed-small-shoulder-bag/771-747



Tan GG Supreme Horsebit Bag,
https://www.shophq.com/Product/gucci-horsebit-1955-small-shoulder-bag/772-561



Black GG Marmont Matelassé Bag,
https://www.shophq.com/Product/gucci-gg-marmont-mini-matelasse-shoulder-bag/772-238

Black GG Marmont Bag,
https://www.shophq.com/Product/gucci-gg-marmont-zip-top-small-shoulder-bag/770-147

28.     After purchasing and receiving the Counterfeit Products, Gucci examined them and confirmed that they are non-genuine, counterfeit products. Photographs of the Counterfeit Products received by Gucci are shown below.



White Horsebit Bag



Tan GG Supreme Horsebit Bag



Black GG Marmont Matelassé Bag



Black GG Marmont Bag

29.    Upon information and belief, IV Media knew or should have known at all relevant times that the Counterfeit Products it is or was selling through the ShopHQ Website are unlawful imitations of Gucci's bags. IV Media utilized Gucci's product names for marketing and selling the Counterfeit Products on the ShopHQ Website (*i.e.*, "Gucci 1955 Horsebit Detailed Small

13

Shoulder Bag," "Gucci Horsebit 1955 Small Shoulder Bag," "Gucci GG Marmont Mini

Matelasse Shoulder Bag," and "Gucci GG Marmont Zip Top Small Shoulder Bag").

30.     The Counterfeit Products prominently feature the GUCCI Marks, include the

famous GUCCI house mark on the product labels, and entirely mimic the distinctive design of

genuine Gucci products, as shown below:



31.     In April 2024, Gucci sent a cease-and-desist letter to IV Media (the "IV Media

Letter") notifying it about the Counterfeit Products that are offered for sale on the ShopHQ

Website and demanding that IV Media immediately cease sale of the Counterfeit Products and provide information about its suppliers, sales data, and other information.

32.    In May 2024, IV Media acknowledged receipt of the IV Media Letter via email and indicated that it had removed the Counterfeit Products from the ShopHQ Website.

33.    In June 2024, outside counsel for IV Media responded to the IV Media Letter via email to reiterate that ShopHQ had removed the Counterfeit Products from the ShopHQ Website and ceased sales of the Counterfeit Products. In addition, IV Media's counsel stated that his firm was in the process of collecting additional information about IV Media's vendors who supplied the Counterfeit Products and IV Media's acquisition of the Counterfeit Products.

34.    After Gucci followed up many times with counsel for IV Media, sometime in the Fall, IV Media retained new counsel, and Gucci's counsel and the new counsel for IV Media have negotiated but have not been able to come to an agreement to settle this dispute.

35.    In October 2024, counsel for IV Media informed Gucci that Famjams supplied the Counterfeit Products to IV Media and provided documentation pertaining to IV Media's purchase of such products from IV Media.

36.    In November 2024, Gucci sent a cease-and-desist letter to Famjams (the "Famjams Letter") notifying it about the Counterfeit Products that Famjams sold to IV Media and demanding that Famjams immediately cease sale of the Counterfeit Products and provide information about its suppliers, sales data, and other information.

37.    A representative for Famjams responded to the Famjams Letter that his attorney, who was copied on the email from Famjams, would be responding soon.

38.    In December 2024 and January 2025, Gucci followed up many times with counsel for Famjams, Famjams provided some limited documentation regarding its suppliers, but Gucci

has been otherwise unable to come to any resolution of the matter with Famjams, or obtain all the documentation requested.

39. None of the Defendants are related to or affiliated with Gucci in any way. Defendants have not sought or received a license or authorization from Gucci for any purpose whatsoever, including for the acts described herein.

40. The Counterfeit Products sold by Defendants directly compete with Gucci's products.

41. Defendants' manufacture, distribution, and sale of the Counterfeit Products unlawfully wrests from Gucci control over its reputation and, upon information and belief, is unjustly enriching Defendants.

42. Defendants' unauthorized acts as described herein have caused and will continue to cause irreparable damage to Gucci and its business and goodwill unless restrained by this Court.

**FIRST CAUSE OF ACTION**
**Trademark Counterfeiting and Infringement of Registered Trademarks in Violation of**
**15 U.S.C. § 1114(1)**

43. Gucci repeats and incorporates herein by reference each of the foregoing allegations.

44. The GUCCI Marks are distinctive and of incalculable value, and are associated in the public mind with Gucci's goods and services of the highest quality.

45. Without Gucci's authorization or license, and, upon information and belief, with knowledge of Gucci's prior rights in the GUCCI Marks, Defendants have manufactured, advertised, offered for sale, sold, distributed, imported, and/or exported counterfeit GUCCI bags under and/or bearing the following GUCCI Marks, or marks highly similar thereto: the GUCCI

16

Word Mark, U.S. Registration No. 4,563,132; the Interlocking GG Design Mark, U.S. Registration No. 5,073,022; the Stylized GUCCI Word Mark, U.S. Registration No. 6,073,427; the GG Supreme Canvas Design Mark, U.S. Registration No. 4,229,081; and the Horsebit Design Mark, U.S. Registration No. 6,521,111.

46.    Upon information and belief, by virtue of Gucci's extensive and ongoing use and advertising of the GUCCI Marks, Defendants were on actual notice of Gucci's exclusive rights in the GUCCI Marks. In addition, Gucci's federal registrations put Defendants on constructive notice of Gucci's exclusive rights in the GUCCI Marks.

47.    Defendants' manufacturing, advertisement, offering for sale, sale, distribution, import, and/or export of counterfeit GUCCI products under and/or bearing trademarks and trade dresses that are identical or highly similar to the GUCCI Marks is likely to cause confusion, mistake, or deception as to the source or sponsorship of Defendants' goods. As a result of Defendants' unauthorized use of Gucci's federally registered trademarks and/or trademarks that are identical or highly similar to Gucci's federally registered trademarks, the public is likely to believe that Defendants' goods have been manufactured and/or approved by Gucci. Such use falsely represents Defendants as being legitimately connected with and/or authorized by Gucci, and places beyond Gucci's control its own reputation and ability to control the use of the GUCCI Marks and the quality of the products bearing those marks.

48.    Defendants' infringement of the GUCCI Marks is willful, intended to reap the benefit of the goodwill of Gucci, and violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

49.    Defendants' aforesaid conduct has caused, and unless enjoined by this Court, will continue to cause, Gucci to sustain irreparable damage, loss, and injury.

50.     Gucci has no adequate remedy at law.

## SECOND CAUSE OF ACTION
### Unfair Competition in Violation of 15 U.S.C. § 1125(a)

51.     Gucci repeats and incorporates herein by reference each of the foregoing allegations.

52.     The GUCCI Marks are distinctive and of incalculable value, and are associated in the public mind with Gucci and goods and services of the highest quality.

53.     Without Gucci's authorization or license and, upon information and belief, with knowledge of Gucci's prior rights in the GUCCI Marks, Defendants manufactured, advertised, offered for sale, sold, distributed, imported, and/or exported counterfeit and infringing products under and/or bearing the GUCCI Marks.

54.     Defendants' conduct is likely to cause confusion, cause mistake, and/or deceive as to the affiliation, connection, or association between Defendants and Gucci, and/or as to Gucci's sponsorship or approval of Defendants' goods, services, and/or commercial activities.

55.     As a result of the foregoing, Defendants have falsely designated the origin of their products, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

56.     Upon information and belief, Defendants' aforesaid conduct has been undertaken with reckless disregard, or knowingly, willfully, and in bad faith.

57.     Defendants' aforesaid conduct has caused, and unless enjoined by this Court, will continue to cause, Gucci to sustain irreparable damage, loss, and injury.

58.     Gucci has no adequate remedy at law.

**THIRD CAUSE OF ACTION**
**False Designation of Origin in Violation of 15 U.S.C. § 1125(a)**

59.     Gucci repeats and incorporates herein by reference each of the foregoing

allegations.

60.     Defendants' use of marks identical and/or highly similar to the GUCCI Marks and

other designations and indicia is intended, and is likely to confuse, mislead, or deceive

consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of

products and services bearing such marks, and is likely to cause such parties to believe in error

that the products and services bearing such marks have been authorized, sponsored, approved,

endorsed, or licensed by Gucci, or that Defendants are in some way affiliated with Gucci.

61.     Defendants' acts constitute false designation of origin, and false and misleading

descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act, 15

U.S.C. § 1125(a).

62.     Upon information and belief, Defendants intend to continue their willfully

infringing acts unless restrained by this Court.

63.     Defendants' acts have damaged and will continue to damage Gucci.

64.     Gucci has no adequate remedy at law.

**FOURTH CAUSE OF ACTION**
**Dilution in Violation of 15 U.S.C. § 1125(c)**

65.     Gucci repeats and incorporates herein by reference each of the foregoing

allegations.

66.     The GUCCI Marks are distinctive, federally registered trademarks. As a result of

Gucci's extensive and exclusive use of the GUCCI Marks in connection with its products, the

GUCCI Marks have become famous and are widely recognized among the consuming public as a

designation of source of Gucci's goods. The GUCCI Marks became famous long before Defendants' infringing activities commenced.

67.    Defendants' commercial use of marks identical and/or highly similar to the GUCCI Marks for goods that are not manufactured or controlled by, affiliated with, or sponsored by Gucci has diluted and is continuing to dilute the distinctive quality of the GUCCI Marks by lessening the capacity of those marks to exclusively identify and distinguish Gucci and its goods, and by tarnishing them through association with Defendants' goods, which are of lesser quality and workmanship.

68.    Upon information and belief, the foregoing acts were done with reckless disregard, or willfully and deliberately and with an intent to dilute the distinctiveness of the GUCCI Marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

69.    Defendants' aforesaid conduct has caused, and unless enjoined by this Court, will continue to cause, Gucci to sustain irreparable damage, loss, and injury.

70.    Gucci has no adequate remedy at law.

## FIFTH CAUSE OF ACTION
### Common Law Trademark Infringement

71.    Gucci repeats and incorporates herein by reference each of the foregoing allegations.

72.    Gucci owns all right, title, and interest in and to the GUCCI Marks as aforesaid, including all common law rights in such marks.

73.    The GUCCI Marks are distinctive and of incalculable value, and are associated in the public mind with Gucci and goods and services of the highest quality.

74.    Without Gucci's authorization or license and, upon information and belief, with knowledge of Gucci's prior rights in the GUCCI Marks, Defendants manufactured, advertised,

offered for sale, sold, distributed, imported, and/or exported counterfeit and infringing products under and/or bearing the GUCCI Marks or marks highly similar to the GUCCI Marks intentionally and in bad faith.

75.     Defendants' reckless and/or intentional and willful conduct is likely to cause confusion, cause mistake, and/or deceive as to the affiliation, connection, or association between Defendants and Gucci, and/or as to Gucci's sponsorship or approval of Defendants' goods, services, and/or commercial activities.

76.     Defendants' aforesaid conduct constitutes common law trademark infringement under New York common law.

77.     Defendants' aforesaid conduct has caused, and unless enjoined by this Court, will continue to cause, Gucci to sustain irreparable damage, loss, and injury.

78.     Gucci has no adequate remedy at law.

### SIXTH CAUSE OF ACTION
**New York Unfair Competition**

79.     Gucci repeats and incorporates herein by reference each of the foregoing allegations.

80.     Gucci owns all right, title, and interest in and to the GUCCI Marks as aforesaid, including all common law rights in such marks.

81.     Defendants are unfairly competing with Gucci by using the GUCCI Marks, or marks highly similar to the GUCCI Marks, to create and sell counterfeit and infringing products with knowledge of Gucci's rights in the foregoing trademarks.

82.     Defendants' reckless and/or intentional and willful conduct is likely to cause confusion, cause mistake, and/or deceive as to the affiliation, connection, or association between

Defendants and Gucci, and/or as to Gucci's sponsorship or approval of Defendants' goods, services, and/or commercial activities.

83.     Defendants' aforesaid conduct constitutes common law unfair competition under New York common law.

84.     Defendants' aforesaid conduct has caused, and unless enjoined by this Court, will continue to cause, Gucci to sustain irreparable damage, loss, and injury, and will continue to deceive the public.

85.     Gucci has no adequate remedy at law.

**SEVENTH CAUSE OF ACTION**
**Dilution in Violation of N.Y. Gen. Bus. Law § 360-L**

86.     Gucci repeats and incorporates herein by reference each of the foregoing allegations.

87.     The GUCCI Marks are famous and distinctive.

88.     Defendants have made commercial use of the GUCCI Marks after they became famous.

89.     Without Gucci's consent, Defendants have used reproductions, counterfeits, copies, and/or imitations of the GUCCI Marks in connection with the sale, distribution, offering for sale, and/or advertising of goods and/or services with which use by Defendants are likely to cause confusion or mistake, to deceive as to the source or origin of such goods and services, or to injure Gucci's business reputation.

90.     Defendants committed these acts with reckless disregard or the intent to cause confusion or mistake, or to deceive purchasers and prospective purchasers.

91.     Defendants recklessly or knowingly facilitated, enabled, or otherwise assisted persons to manufacture, use, distribute, display, or sell goods or services bearing reproductions, counterfeits, copies, or imitations of the GUCCI Marks, without Gucci's consent.

92.     Defendants' use is likely to cause dilution of the GUCCI Marks and to injure Gucci's business reputation. Furthermore, Defendants recklessly or willfully intended to cause dilution of the GUCCI Marks.

93.     Gucci has no adequate remedy at law.

## <u>REQUEST FOR RELIEF</u>

**WHEREFORE**, Plaintiff requests judgment against Defendants as follows:

(a)     Entering judgment that Defendants have:

    i.    Used the GUCCI Marks in a manner that constitutes counterfeiting in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1);

    ii.    Infringed the GUCCI Marks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1);

    iii.    Unfairly competed with Gucci in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

    iv.    Used the GUCCI Marks in a manner that constitutes false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

    v.    Diluted the GUCCI Marks in violation of 15 U.S.C. § 1125(c);

    vi.    Infringed the GUCCI Marks in violation of the common law of the state of New York;

  vii. Unfairly competed with Gucci in violation of the common law of the state of New York; and

  viii. Diluted the GUCCI Marks in violation of N.Y. Gen. Bus. Law § 360-L.

(b) Entering a permanent injunction enjoining and restraining Defendants and their agents, servants, employees, successors, and assigns, and all other persons acting in concert with or conspiracy with any of them or who are affiliated with Defendants from:

  i. Imitating, copying, or making unauthorized use of the GUCCI Marks, including, without limitation, by manufacturing, reproducing, distributing, displaying, advertising, promoting, offering for sale, selling, importing, or exporting any products bearing the GUCCI Marks or any other design that is confusingly similar to the GUCCI Marks;

  ii. Using any false designation of origin or false description or performing any act that can or is likely to lead members of the trade or public to believe that Defendants are associated with Gucci or that any product manufactured, distributed, advertised, displayed, promoted, offered for sale, sold, imported, or exported by Defendants is in any manner associated or connected with Gucci, is a genuine product of Gucci, or is authorized, licensed, sponsored, or otherwise approved by Gucci;

  iii. Engaging in any course of conduct likely to cause confusion, deception, or to injure Gucci's business reputation;

  iv. Using any false description or representation, including words or other symbols falsely to describe or represent Defendants' unauthorized goods

or services as Gucci's, or sponsored or associated with Gucci, and from offering such goods or services into commerce;

v.    Manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying, or otherwise disposing of any products or packaging not authorized by Gucci that bear any simulation, reproduction, counterfeit copy, or imitation of the GUCCI Marks;

vi.    Effecting assignments or transfers forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in this Order, or any subsequent order or final judgment in this action;

vii.    Processing any payments for or otherwise providing any online services related to the sale of counterfeit products featuring the GUCCI Marks, or any confusingly similar marks;

viii.    Engaging in any other activity constituting unfair competition with Gucci, or constituting an infringement of the GUCCI Marks; and

ix.    Assisting or authorizing any third party to engage in any of the actions prohibited by subparagraphs (i)-(viii) above, inclusive.

(c)    Directing that Defendants turn over to Gucci for impoundment and eventual destruction, without compensation to Defendants, all materials in their possession or control that contain or refer to the GUCCI Marks, along with all articles by means of which such unauthorized copies may be reproduced.

25

(d)      Directing that Defendants, at their own expense, recall from any distributors, retailers, vendors, or others to whom they have distributed materials that violate the provisions of paragraph a(i)-(viii) above, and that Defendants deliver up to Gucci for destruction all materials returned to them.

(e)      Directing that Defendants, pursuant to 15 U.S.C. § 1116(a), file with the Court and serve upon Gucci, within thirty (30) days of the entry of injunction prayed for herein, a written report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which they have complied with the permanent injunction.

(f)      Granting Gucci all damages sustained as a result of Defendants' unlawful activities described above, together with appropriate interest thereon and that such sums be trebled pursuant to 15 U.S.C. § 1117.

(g)      Granting Gucci all the gains, profits, savings, and advantages realized by Defendants from their unlawful actions described above pursuant to 15 U.S.C. § 1117.

(h)      Granting Gucci punitive damages.

(i)      Awarding Gucci its costs, reasonable attorneys' fees, and investigators' fees incurred in this action, as permitted by law.

(j)      Awarding Gucci pre-judgment interest on its judgment.

(k)      Awarding Gucci such other and further relief as the Court may deem just and proper.

Dated: New York, New York
     April  29, 2025

FROSS ZELNICK LEHRMAN & ZISSU, P.C.


By:    /s/ John Margiotta         

John P. Margiotta (jmargiotta@fzlz.com)
Parker C. Eudy (peudy@fzlz.com)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
151 West 42nd, 17th Floor
New York, New York 10036
Telephone: (212) 813-5900

*Attorneys for Plaintiff Gucci America, Inc.*