UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GUCCI AMERICA, INC., <br><br> Plaintiff, <br><br> -against- <br><br> IV MEDIA, LLC; FAMJAMS TRADING LLC; and DOES 1-10, <br><br> Defendants. | Civil Action No. 25-cv-03563-LAP <br><br><br> FAMJAMS TRADING LLC 'S REPLY TO CROSS-CLAIMS OF IV MEDIA, LLC |
| IV MEDIA, LLC, <br><br> Cross-Claimant, <br><br> -against- <br><br> FAMJAMS TRADING LLC and DOES 1-10, <br><br> Cross-Defendants. | |

   Cross-Defendant Famjams Trading LLC ("Famjams"), by its attorneys The Silber Law Firm, LLC, for its Reply to the Cross-Claims of defendant IV Media, LLC, states and alleges as follows:

   1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the cross-claims.

   2. Denies knowledge or information sufficient to form a belief as to the truth of the compound allegations contained in paragraph 2 of the cross-claims except admits that iMedia (as defined in the cross-claims) purchased certain goods from Famjams, of which Michael Freidman is a principal, and who was a member of iMedia's board of directors. The remaining allegations of wrong doing are denied.

1

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the cross-claims.

4. Admits the truth of the allegations contained in paragraph 4 of the cross-claims.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the cross-claims except denies any wrongdoing.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the cross-claims.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the cross-claims.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the cross-claims.

9. Admits, upon information and belief, the truth of the allegations contained in paragraph 9 of the cross-claims.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the cross-claims except admits that Eyal Lalo is the Chief Executive Officer.

11. Denies the truth of the allegations contained in paragraph 11 of the cross-claims except admits that Sterling Time LLC was the exclusive distributor of the items described, and that Michael Freidman is a principal, as alleged.

12. Denies the truth of the compound allegations contained in paragraph 12 of the cross-claims except admits that Famjams sells assorted goods which it does not manufacture, which are sold at retail to the public.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the cross-claims.

14. Admits the truth of the allegations contained in paragraph 14 of the cross-claims.

15. Admits the truth of the allegations contained in paragraph 15 of the cross-claims.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the cross-claims except admits that the parties entered into an agreement to sell products, the terms of which speak for themselves.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the cross-claims except admits that Freidman held substantial amounts of iMedia stock.

18. Denies the truth of the allegations contained in paragraph 18 of the cross-claims.

19. Admits the truth of the allegations contained in paragraph 19 of the cross-claims but states that the referenced document speaks for itself.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the cross-claims and states that the referenced document speaks for itself.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the cross-claims and states that the referenced document speaks for itself.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the cross-claims and states that the referenced document speaks for itself.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the cross-claims and states that the referenced document speaks for itself.

24. Admits the truth of the allegations contained in paragraph 25 of the cross-claims.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the cross-claims.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the cross-claims except admits that iMedia purchased Gucci handbags from Famjams and denies the allegation of Friedman's influence or wrongdoing.

27. Denies the truth of the allegations contained in paragraph 27 of the cross-claims.

28. Denies the truth of the allegations contained in paragraph 28 of the cross-claims except admits Rokowsky's role in providing the general product descriptions to iMedia.

29. Denies the truth of the allegations contained in paragraph 29 of the cross-claim except admits Rokowsky's role in providing the general product descriptions to iMedia.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the cross-claims.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the cross-claims.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the cross-claims.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the cross-claims except admits that ShopHQ continued purchasing goods from Sterling and Famjams.

34. Admits that purchase orders were used, as alleged in paragraph 34 of the cross-claims, and states that the terms of those purchase orders speak for themselves.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the cross-claims except states that the referenced document speaks for itself.

36. Denies knowledge or information sufficient to form a belief as to the truth of the compound allegations contained in paragraph 36 of the cross-claims, which make a response impossible, but denies any wrongdoing by Famjams or Freidman.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the cross-claims except denies any wrongdoing, including making the representations alleged.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the cross-claims.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the cross-claims.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the cross-claims.

41. Admits the truth of the compound allegations contained in paragraph 41 of the cross-claims to the extent that the named parties spoke, but otherwise denies the allegations.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the cross-claims but states that any email speak for itself.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the cross-claims but states that any email speak for itself.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the cross-claims.

45. Admits the truth of the allegations contained in paragraph 45 of the cross-claims.

46. Admits the truth of the allegations contained in paragraph 46 of the cross-claims to the extent that correspondence was sent, the terms of which speak for itself.

AS AND FOR A REPONSE TO THE FIRST CAUSE OF ACTION

47. Famjams restates all of the foregoing.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the cross-claims.

49. Denies the truth of the allegations contained in paragraph 49 of the cross-claims except admits Famjams sales and that plaintiff has made certain allegations.

50. Admits the truth of the allegations contained in paragraph 50 of the cross-claims.

51. Admits the truth of the allegations contained in paragraph 51 of the cross-claims.

52. Denies the truth of the allegations contained in paragraph 52 of the cross-claims.

## AS AND FOR A REPONSE TO THE SECOND CAUSE OF ACTION

53.Famjams restates all of the foregoing.

54.Denies the truth of the allegations contained in paragraph 54 of the cross-claims.

55.Admits the truth of the allegations contained in paragraph 55 of the cross-claims to the extent that Famjams provided certain information to iMedia but otherwise denies the allegations.

56.Admits the truth of the allegations contained in paragraph 56 of the cross-claims to the extent that a spreadsheet was provided but otherwise denies the allegations.

57.Denies the truth of the allegations contained in paragraph 57 of the cross-claims.

58.Denies the truth of the allegations contained in paragraph 57 of the cross-claims.

59.Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the cross-claims except admits that Famjams, in good faith, provided information to iMedia and ShopHQ.

60.Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the cross-claims.

61.Denies the truth of the allegations contained in paragraph 61 of the cross-claims.

## AS AND FOR A REPONSE TO THE THIRD CAUSE OF ACTION

62.Famjams restates all of the foregoing.

63.Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the cross-claims.

64. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the cross-claims except states that Famjams made statements it reasonably believed to be true but otherwise denies wrongdoing.

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the cross-claims except denies wrongdoing.

66. Denies the truth of the allegations contained in paragraph 66 of the cross-claims.

67. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the cross-claims.

68. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the cross-claims.

69. Denies the truth of the allegations contained in paragraph 69 of the cross-claims.

AS AND FOR A REPONSE TO THE FOURTH CAUSE OF ACTION

70. Famjams restates all of the foregoing.

71. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the cross-claims except states that the referenced document speak for itself.

72. Denies the truth of the allegations contained in paragraph 72 of the cross-claims.

73. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the cross-claims.

74. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the cross-claims and states that the referenced document speaks for itself.

75. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the cross-claims.

76. Denies the truth of the allegations contained in paragraph 76 of the cross-claims.

77. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the cross-claims.

78. Admits the truth of the allegations contained in paragraph 78 of the cross-claims to the extent that an email was sent, the terms of which speak for itself.

79. Admits the truth of the allegations contained in paragraph 79 of the cross-claims to the extent that correspondence was sent, the terms of which speak for itself, but otherwise denies wrongdoing.

80. Denies the truth of the allegations contained in paragraph 80 of the cross-claims.

AS AND FOR A REPONSE TO THE FIFTH CAUSE OF ACTION

81. Famjams restates all of the foregoing.

82. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the cross-claims.

83. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the cross-claims.

AS AND FOR A REPONSE TO THE SIXTH CAUSE OF ACTION

84. Famjams restates all of the foregoing.

85. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the cross-claims except admits that agreements were entered into between ShopHQ/iMedia and Famjams.

86. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the cross-claims except states that the referenced document speaks for itself.

87. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the cross-claims except states that the referenced document speaks for itself.

88. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the cross-claims.

89. Denies the truth of the allegations contained in paragraph 89 of the cross-claims.

90. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the cross-claims except denies any wrongdoing.

91. Denies the truth of the allegations contained in paragraph 91 of the cross-claims.

92. Denies the truth of the allegations contained in paragraph 92 of the cross-claims.

93. Denies the truth of the allegations contained in paragraph 93 of the cross-claims.

AS AND FOR A REPONSE TO THE SEVENTH CAUSE OF ACTION

94. Famjams restates all of the foregoing.

95. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the cross-claims.

96. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the cross-claims except denies any wrongdoing.

97. Denies the truth of the allegations contained in paragraph 97 of the cross-claims.

98. Denies the truth of the allegations contained in paragraph 98 of the cross-claims.

99. Denies the truth of the allegations contained in paragraph 99 of the cross-claims.

100. Denies the truth of the allegations contained in paragraph 100 of the cross-claims.

101. Denies the truth of the allegations contained in paragraph 101 of the cross-claims and states that Famjams has no liability to the cross-claimant.

AS AND FOR A REPONSE TO THE EIGHTH CAUSE OF ACTION

102. Famjams restates all of the foregoing.

103. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the cross-claims.

104. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the cross-claims.

105. Denies the truth of the allegations contained in paragraph 105 of the cross-claims.

106. Denies the truth of the compound allegations contained in paragraph 106 of the cross-claims.

107. Denies truth of the allegations contained in paragraph 107 of the cross-claims.

108. Admits the truth of the allegations contained in paragraph 108 of the cross-claims to the extent that a call was had but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.

109. Admits the truth of the allegations contained in paragraph 109 of the cross-claims to the extent that an email was sent, the terms of which speak for itself, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.

110. Admits the truth of the allegations contained in paragraph 110 of the cross-claims to the extent that correspondence was sent, the terms of which speak for itself, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations..

111. Denies the truth of the allegations contained in paragraph 111 of the cross-claims.

112. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 of the cross-claims.

113. Denies the truth of the allegations contained in paragraph 113 of the cross-claims.

### AS AND FOR A REPONSE TO THE NINTH CAUSE OF ACTION

114. Famjams restates all of the foregoing.

115. Denies the truth of the allegations contained in paragraph 115 of the cross-claims except admits that Famjams sold assorted goods to ShopHQ.

116. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116 of the cross-claims except states that the referenced documents speak for themselves.

117. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117 of the cross-claims.

118. Denies the truth of the allegations contained in paragraph 118 of the cross-claims.

119. Admits the truth of the allegations contained in paragraph 119 of the cross-claims to the extent that a call was had but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.

120. Admits the truth of the allegations contained in paragraph 120 of the cross-claims to the extent that an email was sent, the terms of which speak for itself, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.

121. Admits the truth of the allegations contained in paragraph 121 of the cross-claims to the extent that a call was had but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.

122. Denies the truth of the allegations contained in paragraph 122 of the cross-claims.

## AFFIRMATIVE DEFENSES

123. The cross-claims fail to state a claim for which relief may be granted.

124. The cross-claims engage in "group pleading" and should be dismissed.

125. The cross-claimant's claims are barred by its contributory negligence and unclean hands.

126. The cross-claimant's claims are barred due to its failure to verify the goods but continue to demand more of those goods.

127. Famjams at all times acted in good faith and with clean hands.

128. The cross-claimant failed to mitigate its damages.

129. The cross-claims are barred by documentary evidence.

130. Whatever wrongdoing is alleged to have been done by Famjams was the fault of third-parties over whom Famjams had no control.

131. Famjams reasonably relied on third-parties.

## PRAYER FOR RELIEF

Defendant Famjams Trading LLC demands judgment against cross-claimant dismissing the cross-claims and for such other and further relief for as this Court deems just and proper.

Dated: July 22, 2025

                                          THE SILBER LAW FIRM, LLC

By_____
      Meyer Y. Silber (MS 1719)
*Attorneys for Defendant*
*Famjams Trading LLC*
2361 Nostrand Avenue, Fifth Floor
Brooklyn, NY 11210
Tel.: (212) 765-4567
msilber@silberlawny.com